UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| EMMANUEL ADEYINKA,<br><br>    Plaintiff,<br><br>v.<br><br>RULON JOHNSON, CHRIS HENDRY, MICHEAL JOHNSON, KIMBERLY SHOEN, and ICRMP,<br><br>    Defendants. | Case No. 4:22-cv-00028-DCN<br><br>**INITIAL REVIEW ORDER** |

## I. INTRODUCTION

Pending before the Court is Plaintiff Emmanuel Adeyinka's Complaint (Dkt. 1) and Application for Leave to Proceed in Forma Pauperis (Dkt. 4). Pursuant to 28 U.S.C. § 1915, the Court must review Adeyinka's request to determine whether he is entitled to proceed in forma pauperis—which permits civil litigants to proceed without prepayment of the filing fee or to pay the filing fee over time. *Rice v. City of Boise City*, 2013 WL 6385657, at *1 (D. Idaho Dec. 6, 2013). The Court must also undertake an initial review of Adeyinka's Complaint to ensure it meets the minimum required standards.

For the reasons explained below, the Court GRANTS Adeyinka's Application to Proceed In Forma Pauperis and will allow him to pay the filing fee in monthly installments

that complies with the Court's order below. However, having reviewed the Complaint, the Court finds it does not state a plausible claim for relief or provide the Court with subject matter jurisdiction to hear this claim. Therefore, the Court must DISMISS the entire case with leave to amend.

## II. APPLICATION TO PROCEED IN FORMA PAUPERIS

"[A]ny court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, . . . without prepayment of fees or security therefor." 28 U.S.C. § 1915(a)(1). In order to qualify for in forma pauperis status, a plaintiff must submit an affidavit that includes a statement of all the assets he possesses and indicates that he is unable to pay the fee required. The affidavit is sufficient if it states that the plaintiff, because of his poverty, cannot "pay or give security for the costs" and still be able to provide for himself and dependents the "necessities of life." *Adkins v. E.I. DuPont de Numours & Co.*, 335 U.S. 331, 339 (1948). The affidavit must "state the facts as to affiant's poverty with some particularity, definiteness and certainty." *United States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981) (cleaned up).

The Court has reviewed the application provided by Adeyinka in this case and finds that although it does not state with "some particularity, definiteness and certainty" facts supporting his poverty, he may nonetheless pay the filing fee in monthly installments. Adeyinka filed an application requesting he be allowed to proceed without payment. *See* Dkt. 4. He reports that his gross monthly income is $1336. *Id.* at 2. For assets, he claims to have $431.25 in a checking account and a 2002 Chevy valued at $1800. *Id.* Adeyinka claims no dependents. *Id.* He alleges that he pays $3,410 per month in various expenses:

INITIAL REVIEW ORDER – 2

$20 for utilities, $781 for home repairs or upkeep, $200 for food, $50 for clothing, $2000 for medical and dental, $200 for transportation, and $139 for motor vehicle insurance Absent, however, is any financial records supporting Adeyinka's claimed income, assets, and expenses. While it appears that Adeyinka spends well over what he earns and does not have substantial discretionary income, he is not completely impoverished. Accordingly, the Court will not waive the fee entirely, but will, nonetheless, lessen the financial burden by allowing Adeyinka to pay the fee over time.

For these reasons, the Court finds Adeyinka has sufficiently proved his indigence under 28 U.S.C. §1915. Accordingly, the application is GRANTED in that Adeyinka does not have to pay the entire filing fee up front but must instead pay the filing fee in $100 monthly installments until the balance is paid in full.

As will be explained in the next section, however, the Court must also dismiss this case due to Adeyinka's failure to allege a valid cause of action and show that this Court has subject matter jurisdiction to hear his case. However, the Court will grant Adeyinka an opportunity to amend his Complaint.

### III. SUFFICIENCY OF COMPLAINT

The Court is required to screen complaints brought by litigants who seek in forma pauperis status. *See* 28 U.S.C. § 1915(e)(2). The Court must dismiss a Plaintiff's Complaint, or any portion thereof, if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B)(i-iii). To state a claim upon

which relief can be granted, a plaintiff's complaint must include facts sufficient to show a plausible claim for relief. *See Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009).

During this initial review, courts generally construe pro se pleadings liberally, giving pro se plaintiffs the benefit of any doubt. *See Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000). Even so, plaintiffs—whether represented or not—have the burden of articulating their claims clearly and alleging facts sufficient to support review of each claim. *Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1992). Additionally, if amending the complaint would remedy the deficiencies, plaintiffs should be notified and provided an opportunity to amend. *See Jackson v. Carey*, 353 F.3d 750, 758 (9th Cir. 2003).

In this case, Adeyinka's brief Complaint alleges that his vehicle was backed into by a "snowplow dump truck [owned by the] City of Idaho Falls." Dkt. 1, at 4. Adeyinka seeks "recovery [of] damages [for his] vehicle and personal injury," from "[t]he real insurance company from the driver that night." *Id.*

**A. Plausible Claim for Relief**

At present, none of the allegations in Adeyinka's Complaint rise to the level of legal claims with available remedies. His single sentence is not enough to show a plausible claim for relief.[1] Construing the Complaint liberally, it appears Adeyinka is alleging that Defendants damaged his vehicle when "Rulon unit 1" backed into his vehicle. Dkt. 1, at 4. However, Adeyinka fails to allege facts supporting his claim that he is entitled to recover

---

[1] *Ashcroft*, 556 U.S. at 678 (2009) ("[T]he pleading standard Rule 8 announces does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertion[s] devoid of 'further factual enhancement.'") (cleaned up).

INITIAL REVIEW ORDER – 4

from any of the Defendants (Rulon Johnson, Chris Hendry, Micheal Johnson, Kimberly Shoen, or ICRMP). Even when construed liberally, "backed into my vehicle" (Dkt. 1, at 4) is not enough to show a plausible claim for relief. Adeyinka must include specific facts that show how each of the Defendants' actions breached a legal obligation to him and caused the damages that he claims. Adeyinka has not alleged coherent facts to support any claim for relief, and his Complaint must be dismissed. However, Adeyinka should know that the exhibits he attached to his first Complaint are useful and should be similarly attached to his second one. While the exhibits give credence to what happened, a party's job is to explain the situation, claims, and remedies to the Court, not force the Court to go digging through the exhibits to find an adequate complaint.

If amending a complaint would remedy its deficiencies, then courts should provide plaintiffs an opportunity to do so. *See Jackson v. Carey*, 353 F.3d 750, 758 (9th Cir. 2003). Here, because Adeyinka may be able to state a claim upon which relief can be granted, the Court will allow him an opportunity to amend to remedy the following deficiencies.

First, Adeyinka must state a specific plausible legal claim and the theory upon which that claim rests. Second, Adeyinka must detail the entire factual background giving rise to his claim. Allegations unsupported by fact will not be accepted. Next, due to the lack of details in Adeyinka's Complaint, the Court is also unsure whether it has jurisdiction over this dispute in the first place. As will be explained below, Adeyinka must also show how this Court has subject matter jurisdiction to hear this case.

    **B. Diversity Jurisdiction**

Federal courts are courts of limited jurisdiction. Adeyinka must explain how this court has jurisdiction to hear this specific claim. This Court can only hear cases and controversies that involve a federal question (28 U.S.C. § 1331) or satisfy federal diversity jurisdiction requirements (28 U.S.C. § 1332). The Court will have original jurisdiction "of all civil action arising under the Constitution, laws, or treaties of the United States." *Id.* Additionally, the Court will have supplemental jurisdiction "over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy." 28 U.S.C. § 1367.

Adeyinka makes no allegation regarding a federal question so diversity jurisdiction is his only option. Diversity jurisdiction exists when there is complete diversity of citizenship between the parties, and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a)(1); *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996). Complete diversity exists if none of the plaintiffs are a citizen of the same state as any of the defendants. *Caterpillar*, 519 U.S. at 68; *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005). A corporation is a citizen of the state "by which it has been incorporated" and the state "where it has its principal place of business." 28 U.S.C. § 1332(c)(1); *Montrose Chem. Corp. of Cal. v. Am. Motorists Ins. Co.,* 117 F.3d 1128, 1134 (9th Cir. 1997).

In his Complaint, Adeyinka included his address—10811 Richmond Ave 08 Houston, TX 77042—located in Texas.[2] He also included the alleged addresses of the

---

[2] It is unclear whether Adeyinka is a citizen of Texas or Oregon because the Dan's Collision Repair report dated December 28, 2021 attached to the complaint indicates that Adeyinka's address may also be: P.O. Box 8131 Portland, OR 97207. Dkt. 1-1, at 8. Because this address is a post office box, and Adeyinka alleges that his address is in Texas in the complaint (Dkt. 1, at 1), more information is needed to conclusively determine Adeyinka's state of citizenship.

Defendants located in Idaho. Adeyinka does not appear to share citizenship of the same state with any of the Defendants. Therefore, complete diversity may exist in this case, although Adeyinka should more clearly explain the citizenship of each party in his complaint. However, the amount in controversy requirement does not appear to be met here because the vehicle damages total on the attached preliminary estimate is only $3,542.83, which is far below the $75,000 threshold. Adeyinka claims "personal injury" (Dkt. 1, at 4) in addition to property damage, but he makes no good faith representation under FRCP 11(b) as to the amount of the personal injury. Since the $75,000 threshold is not met, the Court does not have diversity jurisdiction over this case and must dismiss it for lack of subject matter jurisdiction.

## IV. ORDER

1. Adeyinka's Application for Leave to Proceed In Forma Pauperis (Dkt. 2) is GRANTED. Adeyinka need not prepay the fee *in full*; however, he must pay $100.00 per month to the Clerk of Court, on or before the last day of each month, with the first payment due thirty (30) days from the issuance of this Order, until the filing fee is paid in full. Failure, at any time, to comply with this payment schedule will result in dismissal of this case without further notice.

2. Adeyinka's Complaint is deficient as it fails to state any claims upon which relief can be granted and for lack of subject matter jurisdiction. The Complaint is, therefore, DISMISSED WITHOUT PREJUDICE. The Court GRANTS Adeyinka leave to file an Amended Complaint in substantial compliance with the Court's

analysis above. Adeyinka must file his Amended Complaint within 30 days of the issuance of this Order.

3. Failure to file an Amended Complaint within the ordered timeframe will result in the full dismissal of this case WITH PREJUDICE and without further notice.

DATED: February 18, 2022

_____
David C. Nye
Chief U.S. District Court Judge

INITIAL REVIEW ORDER – 8